1997 ND 168

**Douglas COLEMAN, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.**

**Civil No. 970079**

Supreme Court of North Dakota.

Aug. 14, 1997.

Dean J. Haas, of Dietz, Little & Haas, Bismarck, for Claimant and Appellant. Submitted on brief.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, for appellee. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Douglas Coleman appealed a district court judgment affirming a Workers Compensation Bureau order awarding him permanent partial impairment benefits. We reverse and remand.

[¶ 2] After injuring his back when he fell off a truck, Coleman had a partial hemilaminectomy at L4, L5 in 1978. On February 22, 1996, Dr. Michael P. Martire performed a permanent partial impairment evaluation of Coleman, using the Fourth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment [*AMA Guides*]. Martire determined, in part:

> "For the patient's chronic lumbar pain without any evidence of radiculopathy or loss of motion segment integrity but with decreased lumbar range of motion status post lumbar laminectomy the patient best fits into Lumbosacral Category II and receives 5% impairment of the whole person."

In a March 18, 1996, letter to Coleman's attorney, Martire referred to Coleman's presurgery medical records and said:

> "There is no doubt that the patient at one time had a radiculopathy, otherwise he would not have had an absent Achilles reflex. Therefore, if one strictly follows the *AMA Guidelines*, considering the fact that the patient had evidence of a radiculopathy prior to his surgery, he would therefore fit into Lumbosacral Category III and receive 10% impairment of the whole person."

[¶ 3] The Bureau agreed with Dr. Martire's "evaluation of the claimant's current postsurgical condition," and awarded Coleman 25 weeks of compensation for a 5% permanent impairment of the whole body for his lumbar injury. Coleman appealed to the district court, which affirmed the Bureau's decision. Coleman appealed to this court.

[¶ 4] NDCC § 65–05–12 was amended in 1989 (1989 N.D. Laws, Ch. 765, § 4) to provide that "[a]ny rating of the percentage of functional impairment should be in accordance with ... the most recent edition of the" *AMA Guides* "unless proven otherwise by clear and convincing medical evidence." NDCC § 65–01–02, defining permanent impairment, was amended in 1989 (1989 N.D. Laws, Ch. 765, § 1) to require that loss or loss of use of a member of the body be determined in accordance with "the most current edition" of the *AMA Guides*. Coleman contends that by referring to the "most recent" or "most current" edition of the

*AMA Guides*, the Legislature has unlawfully delegated to the American Medical Association the authority to determine the criteria for rating impairments. Coleman contends that the Third Edition of the *AMA Guides*, the edition "in effect when the legislature enacted into law the language incorporating the AMA *Guides* must be used to rate his impairment." The parties waived oral argument because similar issues were already pending before this court.

[¶ 5] For the reasons stated in the opinion, we lately construed NDCC §§ 65–05–12 and 65–01–02 as adopting the "most recent" or "most current" edition of the *AMA Guides* in existence at the time of their enactment. *McCabe v. North Dakota Workers Comp. Bureau*, 1997 ND 145, ¶ 16, 567 N.W.2d 201. When NDCC §§ 65–05–12 and 65–01–02 were amended in 1989, the "most recent" and the "most current" edition of the *AMA Guides* was the Third Edition, printed in November 1988.[1] The parties conceded this case would be controlled by our decision in *McCabe*. Thus, Coleman's impairment should have been evaluated under the Third Edition of the *AMA Guides*, rather than the Fourth Edition.

[¶ 6] Coleman contends he should be awarded attorney fees under NDCC § 28–32–21.1. Recognizing our decision in *McCabe*, we are unable to conclude the Bureau acted "without substantial justification," as required for an attorney fee award under NDCC § 28–32–21.1.

[¶ 7] The judgment is reversed, and the matter is remanded to the district court with directions to remand the matter to the Bureau for redetermination under the Third Edition of the *AMA Guides*.

[¶ 8]MESCHKE, MARING and NEUMANN, JJ., and EUGENE A. BURDICK, Surrogate Judge, concur.

[¶ 9] EUGENE A. BURDICK, Surrogate Judge, sitting in place of SANDSTROM, J., disqualified.

---

1. The Third Edition (Revised) of the *AMA Guides* was printed in December 1990. The Fourth Edition was printed in June 1993. Subsequent amendments to the statute were effective July 10, 1996 and August 1, 1997. *See McCabe v. North Dakota Workers Comp. Bureau*, 1997 ND 145, ¶ 6 n. 1 and ¶ 7 n. 2, 567 N.W.2d 201.